# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KIM VENICE ROUX,**

> **Plaintiff,**

**v.**                                                    **Case No:   6:15-cv-664-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

> **Defendant.**

---

# MEMORANDUM OF DECISION

Kim Venice Roux (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income ("SSI").  Doc. No. 1.[1]  Claimant alleges an onset of disability as of March 30, 2011, primarily due to depression with psychotic features, arthritis, asthma, and a history of ovarian cancer.  R. 97, 148.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to apply the correct legal standards to the medical opinion of Dr. Marcus Hopkins, M.D., a consultative examining physician.  Doc. No. 22 at 11-14.[2]  For the reasons that follow, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

---

[1] The record also contains an application for Disability Insurance Benefits ("DIB"), but Claimant acknowledges that she has not worked long enough to qualify for DIB.  R. 154

[2] Claimant also argues that the ALJ erred by failing to: state with particularity the weight given to the opinions of Drs. Ramiro Lanzas-Fuentes and Zhengang Yang; pose a hypothetical question to the Vocational Expert that included all of Claimant's functional limitations; and articulate explicit and adequate reasons for the ALJ's credibility determination.  Doc. No. 22 at 15-33.  However, for reasons set forth below, the ALJ's handling of Dr. Hopkins' opinion is determinative.

I.      **THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.   *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).   In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity.   At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments.   At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience.   If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work.   At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted).   The steps are followed in order.   If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

II.     **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.   *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).   The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"   *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   <u>ANALYSIS.</u>

There are two medical opinions at the center of this dispute: the opinion of a consultative examining physician, Dr. Marcus Hopkins (R. 337-42); and the opinion of a non-examining physician, Dr. Minal Krishnamurthy (R. 75-78), who reviewed Dr. Hopkins' opinion.   The ALJ assigned both opinions great weight, yet, as discussed below their opinions about Claimant's functional limitations are in conflict.

Claimant argues that the ALJ failed to apply the correct legal standards to Dr. Hopkins' opinion because, even though the ALJ expressly gave great weight to it, Dr. Hopkins' opinion is more restrictive than the ALJ's ultimate residual functional capacity assessment (the "RFC"), and the ALJ failed to provide any explanation as to why he may have rejected certain functional limitations contained in Dr. Hopkins' opinion.   Doc. No. 22 at 11-15.   The Commissioner argues

that the ALJ implicitly rejected those portions of Dr. Hopkins' opinion, which conflict with the ALJ's RFC, and relied instead on the opinion of Dr. Krishnamurthy.   Doc. No. 22 at 17-19.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability.   In cases like this one, involving the ALJ's handling of such medical opinions, "substantial-evidence review . . . involves some intricacy."   *Gaskin v. Commissioner of Social Security*, 533 F. App'x. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[3]   In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement constitutes an opinion, which requires the the ALJ to state with particularity the weight given to it and the reasons therefor.   *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).   "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"   *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).   *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

On July 18, 2012, based upon his examination of the Claimant, Dr. Hopkins provided the following opinion regarding the Claimant's functional limitations:

> FUNCTIONAL CAPACITY:   The number of hours the patient could sit in an 8-hour day would be approximately 6/8 with

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.   *See* 11th Cir. R. 36-2.

stiffness and pain to her low back and her neck, would need periods of rest every 5 to 10 minutes.   Standing and walking approximately 5/8 to 6/8, has significant trouble ambulating with stiffness and pain in both her neck, back, and lower extremities. Has a wobbling gait    Balance is not particularly good.   She sometimes uses a cane, not required.   She can walk without one, but somewhat unsteady, would use one for general unsteadiness and balance problems, but not required.   She can ambulate without one for short distance.   Lifting:   She can lift up to approximately 20 pounds occasionally, 10 pounds frequently in a sitting position, has trouble walking just carrying her own weight. Postural Limitations:   Bending, stooping, and crouching would be limited and has significant pain to both neck, back, and lower extremities; has trouble squatting or any type of bending activity. Manipulative Skills: Handling, feeling, grasping: She does fairly well. Some stiffness in the hands could affect fine manipulation dealing with small objects, ex. buttoning. Visual, Auditory, Communicative, and Environmental: The patient has significant mental health stressors, history of significant depression. Appears at least moderately depressed at this time.   History of hearing and seeing things that are not there, some psychotic features, which could affect her in a work environment.

R. 339.   Thus, Dr. Hopkins opined that: Claimant's ability to bend, stoop, crouch, and squat "would be limited [because Claimant] has significant pain to both [her] neck, back, and lower extremities [and she] has trouble squatting or any type of bending activity"; Claimant can sit for 6 hours out of an 8 hour workday, but "would need periods of rest every 5 to 10 minutes"; Claimant can ambulate without a cane only for short distances; and Claimant can lift 20 pounds occasionally and 10 pounds frequently, but only from a sitting position because Claimant "has trouble walking just carrying her own weight."   R. 339.

On July 31, 2012, Dr. Krishnamurthy provided a non-examining physical RFC based upon a records review, including Dr. Hopkins' opinion. R. 75-78.  Dr. Krishnamurthy opined that Claimant could: lift and carry 20 pounds occasionally, and ten pounds frequently; stand and walk for 6 hours out of an 8-hour workday; sit about 6 hours in 8-hour workday with normal breaks; frequently climb ramps, bend, stoop, and crouch; and balance, kneel, and crawl without any

limitations.   R. 75-78.   With respect to Dr. Hopkins' opinion, Dr. Krishnamurthy states the following:

> Gate wide based and slow, somewhat unsteady. No ataxia. Negative [straight leg raises] bilaterally.   Spine exam revealed reduced [range of motion] at C-spine nad L-Spine.   Joint snl.   [Reduced range of motion] at bi[lateral] shoulders and knees.   No neuro[logical] deficits.   Grip strength 5/5 bi[laterally].
>
> Symptoms are partially consistent.   She is independent of her [activities of daily living].   [Medical Source Statement] from [consultative examining physician] Dr. Marcus Hopkins, [claimant] can sit of 6 hours in an 8 hour work week and stand and walk for 5-6 hours.   [Claimant] sometimes uses a cane, not medically needed. Great weight given to [Dr. Hopkins'] opinion and this [RFC] is reduced accordingly.

R. 78.   Thus, while Dr. Krishnamurthy expressly gives Dr. Hopkins' opinion "great weight," lists some of Dr. Hopkins' physical examination findings and notes some of the functional limitations he provided, Dr. Krishnamurthy does not address certain key aspects of Dr. Hopkins' opinion. *Compare* R. 78 *with* R. 339.   For example, Dr. Hopkins opined that although Claimant can sit of six hours, she requires "periods of rest every 5 to 10 minutes."   R. 339.   In addition, Dr. Hopkins opined that Claimant has limitations in the ability to bend, stoop, crouch, and balance, and Claimant can only lift 20 pounds occasionally when in a sitting position due to Claimant's "trouble walking just carrying her own weight."   R. 339.   Yet, Dr. Krishnamurthy does not address any of those functional limitations and instead, while giving Dr. Hopkins' opinion great weight, offers a less restrictive RFC.   *Compare* R. 78 *with* R. 339.

In his decision at step-two, the ALJ found that Claimant's only severe impairment is obesity.   R. 16.   The ALJ determined that Claimant has the following RFC:

> [Claimant can perform] less than a full range of light work. . . .   The claimant can frequently stoop, crouch, and climb ramps and stairs. She can occasionally climb ladders, ropes, and scaffolds.   She can frequently use her bilateral upper extremities for overhead reaching and should avoid concentrated exposure to fumes, odors, and dusts.

R. 17-18.   The regulations provide that an individual who is capable of performing light work must be able to: lift "no more than 20 pounds at a time with frequent lifting or carrying objects up to 10 pounds"; and partake in "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."   20 C.F.R. § 404.1567(b).   By not imposing any further restrictions on Claimant's ability to sit, walk, lift, and carry, the ALJ's RFC necessarily includes the ability perform those functions as defined above in 20 C.F.R. § 404.1567(b).   In addition, the ALJ found that Clamant can frequently stoop, crouch, and climb ladders and stairs, and Claimant has no limitations in her ability to bend or squat.   R. 17-18. Accordingly, Dr. Hopkins' opinion is, on its face, more restrictive that the ALJ's RFC.   *Compare* R. 17-18 *with* R. 339.

In the decision, the ALJ provides an accurate summary of Dr. Hopkins' examination and opinion.   R. 21-22.   With respect to weighing the medical opinions of record, the ALJ makes the following findings:

> Great weight is also given to the determinations of Dr. Krishnamurthy and Dr. Hopkins, as their opinions are consistent with the claimant's lack of treatment and the more recent evaluations conducted by Dr. Yang and Dr. Hopkins.

R. 22.   The ALJ gave great weight to the opinions of Drs. Krishnamurthy and Hopkins because "their opinions are consistent with the claimant's lack of treatment and the more recent evaluations conducted by Dr. Yang and Hopkins."   R. 22.   The ALJ also found Dr. Hopkins' opinion is entitled to great weight because it is consistent with his recent evaluation.   R. 22.   However, in terms of Claimant's ability to sit, lift and carry, and perform postural functions, Dr. Hopkins' opinion is more restrictive than Dr. Krishnamurthy's opinion and the ALJ's RFC.   *Compare* R. 339 *with* R. 17-18, 75-78.   Moreover, the ALJ provides no explanation as to how the ALJ resolved those conflicts.   Thus, the Court has no information explaining why the ALJ ultimately adopted

the opinion of Dr. Krishnamurthy, a non-examining physician, over the opinion of Dr. Hopkins, an examining consultative physician.   R. 13-25.

In *Williams v. Commissioner of Social Security*, Case No. 13-cv-464-Orl-36DAB, 2014 WL 412566 at *3-4 (M.D. Fla. Feb. 4, 2014), Magistrate Judge David A. Baker was presented with a similar situation where the ALJ's RFC found that the claimant could walk for six hours in a 8-hour workday, but a consultative examining opinion found the claimant could not walk long distances, and the ALJ gave that opinion "significant weight."   *Id*.   In addition, like the case here, the record there contained an opinion from a non-examining physician that the Claimant could walk for six hours in an 8-hour workday.   *Id*. at *3-4.   In the decision, the ALJ gave both the consultative examining opinion and the non-examining opinion "significant weight," but then failed to reconcile the inconsistency between those opinions.   *Id*. at *3.   Magistrate Judge Baker noted that the opinions of examining physicians are entitled to more weight than the opinions of non-examining physicians and rejected the Commissioner's argument that the ALJ's RFC was consistent with the consultative examining opinion.   *Id*. at *4.

The Court is persuaded by Magistrate Judge Baker's reasoning in *Williams*, and finds that, in this case, the ALJ's RFC conflicts with the more restrictive opinion of Dr.Hopkins.   *Compare* R. 18 *with* R. 339.   Although the ALJ stated that he assigned great weight to Dr. Hopkins' opinion, by not explaining the reasons why the ALJ implicitly rejected portions of his opinion or to otherwise reconcile the differences between Drs. Hopkins and Krishnamurthy's opinions, the ALJ did not comply with *Winschel*'s requirement that the ALJ state with particularity the reasons for the weight assigned to the medical opinions of record. 631 F.3d at 1178-79.   In the absence of that analysis, "it is impossible for [the Court] to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79

(quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).   Accordingly, the Court finds

the ALJ committed reversible error with respect to Dr. Hopkins' opinion.[4]

**IV.**     **CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1.      The final decision of the Commissioner is **REVERSED** and **REMANDED** the for

further proceedings pursuant to sentence four of Section 405(g); and

2.      The Clerk is directed to enter judgment in favor of the Claimant and against the

Commissioner, and to close the case.

**DONE and ORDERED** in Orlando, Florida on June 14, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[4]  In light of the error with respect to Dr. Hopkins' opinion, the case must be reversed and remanded for further proceedings and it is unnecessary to address Claimant's remaining arguments.   *See supra* n.2.